IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA          :

             -v-                               :

JOSE ROMAN, JR.,                  :

            Defendant.            :

                                 :

FILED
U.S. DISTRICT COURT
W. D. of N.Y.
9/4/07

07-M-1054

## **PLEA AGREEMENT**

The defendant, JOSE ROMAN, JR., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  **THE PLEA AND POSSIBLE SENTENCE**

1. The defendant agrees to plead guilty to a one count Information charging a violation of Title 49, United States Code, Sections 46314(a) and 44903 (interference with aircraft crew), which carries a maximum possible sentence of a term of imprisonment of 1 year, a fine of $100,000, or both, a mandatory $25 special assessment and a term of supervised release of 1 year.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.  **SENTENCING GUIDELINES**

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that defendant knowingly and wilfully entered an aircraft; that such aircraft served as an air carrier; and that while aboard such

aircraft, defendant assaulted, threatened, intimidated, or interfered with a crew member in the performance of their duties.

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a) On June 28, 2007, defendant JOSE ROMAN, JR. was a ticketed passenger aboard Jet Blue Airlines Flight 622 in route from George Bush International Airport, Houston, Texas to John F. Kennedy Airport, New York, New York.
>
> b) Upon entering the aircraft, defendant ROMAN intending that he be permitted to continue drinking as much alcohol as he desired while on board the plane, was willing to interfere with the flight crew in order to obtain such alcohol. While aboard such flight, defendant ROMAN was advised by a Jet Blue crew member that she was, pursuant to Jet Blue regulations, unable to serve him additional alcoholic drinks. Defendant ROMAN continued to request another drink and such crew member repeatedly denied his requests. A short time later, the crew member moved to the rear of the aircraft and was confronted by ROMAN in the aisle. ROMAN placed his arm around her and moved his face very close to her face and again asked for another drink to which she responded that she could not do that. Another crew member confronted ROMAN in the rear of the aircraft and ordered him repeatedly to return to his seat to which he refused. At that point, ROMAN became irate and abusive. Several times ROMAN made statements saying to the crew and other passengers that he was going to shoot and kill the flight crew when the plane landed in New York. Because of his actions, the pilot of the aircraft diverted the aircraft to Buffalo, New York, where the

aircraft landed and ROMAN was removed from the aircraft.

6. The government and the defendant agree that Guidelines § 2A5.2(a)(4) applies to the offense of conviction and provides for a base offense level of 9.

7. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 7.

8. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

9. It is the understanding of the government and the defendant that, with a total offense level of 7 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $500 to $5,000,

and a period of supervised release of 1 year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### III. **STATUTE OF LIMITATIONS**

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by

way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to crimes aboard aircraft which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV. GOVERNMENT RIGHTS AND RESERVATIONS

13. The defendant understands that the government has reserved the right to:

> a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;
>
> b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and
>
> c. modify its position with respect to any sentencing recommendation or sentencing factor

under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

14. At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 07-M-1054.

15. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### Waiver of Right to Post Conviction
### DNA Testing of Physical Evidence

16. The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntary waives, for all purposes, any right to request DNA testing of any such evidence.

## V. **APPEAL RIGHTS**

17. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶9 above, notwithstanding the manner in which the Court determines the sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I of this agreement.

18. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised

release set forth in Section II, ¶9 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI. **TOTAL AGREEMENT AND AFFIRMATIONS**

20. This plea agreement represents the total agreement between the defendant, JOSE ROMAN, JR., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: _____
JAMES P. KENNEDY, JR.
Assistant U. S. Attorney

Dated: _September 4_, 2007

I have read this agreement, which consists of 10 pages. I have had a full opportunity to discuss this agreement with my attorney, Kimberly Schechter, Esq. I agree that it represents the

-9-

total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JOSE ROMAN, JR.
Defendant

Dated: ____9/4____, 2007

_____
KIMBERLY SCHECHTER, Esq.
Attorney for the Defendant

Dated: ____9/4____, 2007